UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

HEATHER A. CARMACK,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

CAUSE NO. 1:19-cv-390 DRL

OPINION & ORDER

    Heather Carmack seeks judicial review of the Social Security Administration's decision denying her application for Social Security Disability and Supplemental Security Income under the Social Security Act. *See* 42 U.S.C. § 423(d). Ms. Carmack requests benefits or alternatively remand of her claim for further consideration. Having reviewed the underlying record and the parties' arguments, the court remands the case for further consideration.

BACKGROUND

    In November 2016, Ms. Carmack filed an application for Social Security disability and supplemental security insurance benefits, alleging a disability onset date of February 19, 2016 [R. 94-95]. The Disability Determination Bureau denied her claims on March 10, 2017 [R. 102]. Her request for reconsideration was denied on June 14, 2017 [R. 125]. She filed a request for an administrative hearing, and a hearing was held on May 14, 2018 before Administrative Law Judge Arman Rouf [R. 154-58]. Judge Rouf denied her benefits, concluding her impairments permitted the performance of other work [R. 32-50]. She filed a request for review by the Appeals Council, but the Appeals Council denied her request on July 8, 2019 [R. 1-5]. She then timely filed a complaint here [ECF 1].

STANDARD

The court has authority to review the ALJ's decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is such evidence that "a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge between the evidence and her conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: (1) is the claimant currently employed; (2) is the claimant's impairment or combination of impairments severe; (3) do her impairments meet or exceed any of the specific impairments listed that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) if the impairment has not been listed by the Secretary as conclusively disabling, given the claimant's residual functional capacity, is the claimant unable to perform her former occupation; (5) is the claimant unable to perform any other work in the national economy given her age, education, and work experience. 20 C.F.R. § 404.1520; *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). The claimant bears the burden of proof until step five, where the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See id.*

2

The ALJ employed the five-step process and found that Ms. Carmack satisfied step one by not engaging in substantial gainful activity since the alleged onset date—February 19, 2016 [R. 37]. The ALJ then found that Ms. Carmack satisfied step two because she had several severe impairments, including reflex sympathetic dystrophy (RSD)/chronic regional pain syndrome (CRPS) of the right lower extremity, ulnar neuropathy in the right upper extremity, and cervical degenerative disc disease (DDD) [R. 37]. Next, the ALJ found that Ms. Carmack's impairments did not meet or exceed any of the specific impairments listed that are so severe as to be conclusively disabling [R. 39].

The ALJ then formulated the following residual functional capacity (RFC) [R. 39]:

> [Ms. Carmack can] perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally balance, stoop, kneel, crouch, crawl and climb ramps or stairs. She is able to push or pull with the right lower extremity on an occasional basis. She can frequently handle, finger and feel with the right (dominant) upper extremity. She can never climb ladders, ropes or scaffolds and must avoid unprotected heights. She requires a cane to ambulate.

At step four, the ALJ determined, based on his RFC findings, that Ms. Carmack was unable to continue performance of her past relevant work [R. 44]. At step five, however, the ALJ found that, considering Ms. Carmack's age, education, work experience, and RFC, there were jobs that exist in the national economy that she could perform [R. 44]. Specifically, the ALJ found Ms. Carmack capable of performing the duties of a food order clerk (DOT 209.567-014); polishing machine operator (DOT 690.685-194); and sorting machine operator (DOT 681.685-030) [R. 45]. Because of his determination at step five, the ALJ found that Ms. Carmack was not disabled under the Act [R. 45].

Ms. Carmack argues that the ALJ made two mistakes that necessitate either benefits or remand: (1) the ALJ erred in the physical RFC assessment by finding that she could frequently engage in handling; and (2) the ALJ erred in weighing the medical opinion evidence by dismissing the opinion of Ms. Carmack's treating physician without providing good reason.

      A.    *The ALJ Didn't Marshal Substantial Evidence for His Conclusion that Ms. Carmack Could Engage in Frequent Handling.*

Ms. Carmack challenges the ALJ's finding that she could engage in frequent handling [R. 39]. In coming to his conclusion, the ALJ gave little weight to the state agency medical consultants, Dr. Corcoran and Dr. Sands, in part because the ALJ believed that an MRI, EMG imaging, and x-ray work done after their opinions didn't support their limitations [R. 43, 403-419]. Ms. Carmack says the ALJ erred in interpreting this new evidence. The court agrees.

An ALJ "may not 'play doctor' and interpret 'new and potentially decisive medical evidence' without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (quoting *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)). This is what the ALJ did here. The ALJ rejected the state agency medical consultants' opinions, acknowledging that evidence he relied on was introduced after their opinions [R. 43 ("The undersigned gives [the state agency medical consultants'] opinions little weight. The evidence when considered in its entirety, including evidence received following their opinions, supports a finding that the claimant is limited to sedentary exertional work.")]. The ALJ says the opinions didn't align with the record or newly introduced evidence, but he doesn't specify how he interpreted the new evidence with medical input. This is precisely what it means to "play doctor." *McHenry*, 911 F.3d at 871 ("An ALJ may not conclude, without medical input, that a claimant's most recent MRI results are 'consistent' with the ALJ's conclusions about her impairments."). Instead of interpreting the evidence for himself, the ALJ should have sought an updated medical opinion. *See Akin v. Berryhill*, 887 F.3d 314, 318 (7th Cir. 2018).

The court can't say this error was harmless. *See Keys v. Barnhart*, 347 F.3d 990, 994-95 (7th Cir. 2003). The ALJ rejected the state consulting physicians' opinions because they didn't align with the record or newly introduced evidence; but, without medical opinions, this court has no way of reviewing whether their opinions were contradicted by the new evidence. Remand is necessary so the full medical record may be developed and reexamined to determine Ms. Carmack's handling abilities.

B.     *The ALJ Properly Evaluated Dr. Roper's and Nurse Practitioner Carlos' Medical Opinions.*

Ms. Carmack says the ALJ improperly discredited the opinions of her treating physician, Dr. Michael Roper, and her nurse practitioner, Michelle Carlos. Nurse Carlos submitted an opinion, signed in approval by Dr. Roper, limiting Ms. Carmack's abilities in numerous ways, including a requirement that she needed "to elevate her legs above heart level every 30 minutes" [R. 42]. This limitation would likely preclude Ms. Carmack from employment [R. 91]. The ALJ properly discredited the opinion.

An ALJ must weigh all medical opinion evidence using a "checklist of factors, including: (1) the examining relationship; (2) the treatment relationship (including the length of treatment and frequency of examination and the nature and extent of the treatment relationship); (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the treating physician's specialization; and (6) other factors that either support or contradict the medical opinion. 20 C.F.R. § 404.1527(c); *see Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). Dr. Roper's opinion—as a treating doctor—is given controlling weight if it is "well-supported" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must provide "good reasons" for discounting such an opinion. *See Scott*, 647 F.3d at 739. The ALJ here properly weighed the factors and provided good reasons for discounting this opinion.

In discounting this opinion, he relied on the opinions of other medical doctors, whose opinions he says didn't support the degree of limitations offer in Dr. Roper's report [R. 42]. The ALJ noted that Nurse Carlos and Dr. Roper weren't experts in vocational matters, so they were "unqualified as to offer opinions regarding specific work capabilities" [R. 42-43]. The ALJ noted that the record didn't document a prescription for a cane or crutches nor the need for Ms. Carmack to elevate her legs [R. 42]. The ALJ relied on Ms. Carmack's own statement denying any difficulty with

walking when seen by Dr. Roper [R. 41]. He noted that an office visit to Dr. Roper from April 2017 listed Ms. Carmack as negative for difficulty walking [R. 417].

The ALJ needed only to "minimally articulate his . . . justification for rejecting or accepting specific evidence of a disability." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) (quoting *Steward v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988)). This standard isn't high, *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), and the court doesn't reweigh the evidence, *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). The ALJ satisfied this standard here, so this objection is overruled.

## CONCLUSION

Though the ALJ properly weighed Dr. Roper's and Nurse Practitioner Carlos' medical opinions, he improperly played doctor for his conclusion that Ms. Carmack could engage in frequent handling. Because the evidence is inconclusive, an award of benefits is inappropriate. *See Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Accordingly, the court GRANTS Ms. Carmack's motion for remand (ECF 16) and REMANDS this case for further proceedings.

SO ORDERED.

September 4, 2020   *s/ Damon R. Leichty*
   Judge, United States District Court